IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GUY F. COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-2274-STA-cgc |
| ) | |
| FEDEX EXPRESS, INC., MEMPHIS-SHELBY ) | |
| COUNTY AIRPORT AUTHORITY, ) | |
| CLIFFORD RUSSELL SMITH, and KIMLEY- ) | |
| HORN & ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915**

This matter comes before the Court on the Report and Recommendation of the United States Magistrate Judge on *In Forma Pauperis* Screening Pursuant to 28 U.S.C. § 1915 (D.E. # 21) filed May 23, 2013.  Plaintiff Guy F. Cobb ("Cobb") filed an Objection to Recommendation and Motion to Withdraw Complaint for the Purpose of Re-Filing (D.E. # 23) on May 31, 2013. For the reasons given herein, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.

A district court reviews any portions of a Magistrate Judge's report and recommendations to which a party timely objects *de novo*.[1]  A reviewing court must review all issues raised in such objections.[2]  The court must "liberally construe[]" documents filed by a pro se litigant, and must

---

[1] 28 U.S.C. §636(b)(1)(C); *United States v. Worley*, 193 F.3d 380, 383 (6th Cir. 1999).

[2] *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988).

1

hold a complaint drafted by a pro se litigant to a "less stringent standard than formal pleadings drafted by lawyers."[3] This, however, does not mean pro se litigants may ignore the minimal pleading standards required under the Federal Rules of Civil Procedure.[4]

The Magistrate Judge found this case to be frivolous under the meaning of 28 U.S.C. § 1915(d)(2)(B)(i) because Cobb did not plead a basis for federal jurisdiction.[5] Federal district courts are courts of limited jurisdiction, and may only exercise jurisdiction as conferred by Congress pursuant to Article III of the United States Constitution.[6] A district court properly dismisses an action as frivolous under 28 U.S.C. § 1915(d)(2)(B)(i) when the plaintiff fails to plead a proper basis for federal jurisdiction on the face of his complaint.[7] Cobb lists specific objections to the findings of the Magistrate Judge that neither diversity jurisdiction pursuant to 28 U.S.C. § 1332 nor federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists in this case.[8] The Court will address these objections in turn.

---

[3] *Erickson*

[4] *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

[5] Report and Recomm. at 8-9, D.E. # 21.

[6] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 673 (1950).

[7] *Carlock v. Williams*, 182 F.3d 916, at *2 (6th Cir. 1999) (unpublished table opinion).

[8] The Court notes Cobb also asks leave of the Court to withdraw his Complaint without prejudice so that he might re-file with evidence not pertinent to the question of the Court's jurisdiction. The Court construes this as a motion pursuant to Fed. R. Civ. P. 41(a)(2). The Court must consider the jurisdictional question before proceeding to any other matter. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* at 94-95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). As a practical matter, a dismissal for lack of subject matter jurisdiction will have the same effect as granting a motion under Rule 41(a)(2) without prejudice. *See* Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction does not serve as an adjudication on the merits).

Cobb argues the necessary diversity of citizenship under 28 U.S.C. § 1332 exists in this case because Defendant Federal Express Corporation (improperly named in the Complaint as FedEx Express, Inc.) ("FedEx") is incorporated in Delaware and because Defendant Kimley-Horn and Associates ("Kimley") maintains a corporate headquarters in North Carolina. 28 U.S.C. § 1332 vests original jurisdiction in the district courts over "all civil actions . . . between . . . citizens of different states[.]"[9] The Supreme Court interprets the requirement that a suit be between citizens of different states as requiring "complete" diversity – that is, each plaintiff must be a citizen of a different state than every defendant.[10] If even one defendant in this action is a citizen of the same state as Cobb, there is no basis for this Court's jurisdiction under 28 U.S.C. § 1332.

The Court need go no further than to examine FedEx' citizenship to determine it lacks jurisdiction under 28 U.S.C. § 1332. "For the purposes of [§ 1332] . . . a corporation shall be deemed to be a citizen of *every* State . . . by which it has been incorporated *and* of the State . . . where it has its principal place of business[.]"[11] A corporation's principal place of business is the place from which the "corporation's officers direct, control, and coordinate the corporation's activities."[12] "[I]n practice it should normally be the place where the corporation maintains its headquarters[.]"[13] Cobb appears to concede FedEx maintains its headquarters in Tennessee:

---

[9] 28 U.S.C. 1332(a)(1).

[10] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (199); *Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806)).

[11] 28 U.S.C. § 1332 (c)(1) (emphasis added).

[12] *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

[13] *Id.* at 93.

"FedEx maintains principal offices in Memphis, Tennessee[.]"[14]  Therefore, FedEx is a citizen of Tennessee, regardless of FedEx' state of incorporation.  Cobb is also a citizen of Tennessee.  "The Plaintiff is an adult citizen of Tennessee[.]"[15]  Since both Cobb and Fed Ex are citizens of Tennessee, there is no complete diversity of citizenship and the Court may not exercise jurisdiction under 28 U.S.C. § 1332.

Cobb further asserts "federal jurisdiction extends to entities which receive federal funding[,]"[16] as a basis for the Court's jurisdiction over the Memphis-Shelby County Airport Authority specifically.  Cobb cites no legal authority for this contention.  This appears to be an attempt to invoke the Court's original jurisdiction over matters presenting a federal question under 28 U.S.C. § 1331.  However, the receipt and use of federal funds by a defendant is not sufficient, in and of itself, to confer federal jurisdiction over state law claims against that defendant under 28 U.S.C. § 1331.[17]  For the Court to exercise jurisdiction under 28 U.S.C. § 1331, the plaintiff must assert a cause of action "arising under" the Constitution, laws, or treaties of the United States.[18]  Such cause of action must appear on the "face of the plaintiff's properly pleaded complaint."[19]  Cobb predicates each cause of action enumerated in his Complaint on state law.  Therefore, no federal question presents itself, and the Court may not exercise jurisdiction pursuant to 28 U.S.C. § 1331.

---

[14] Pl.'s Obj. to R & R at 2, D.E. # 23.

[15] Compl. ¶ 12, D.E. # 1.  Cobb also identifies FedEx' "global headquarters" as being in Tennessee at paragraph 13 of his complaint.

[16] Pl.'s Obj. to R & R at 2.

[17] *Gingerich v. White Pigeon Cmty. Sch.*, 746 F. Supp. 147, 150 (W.D. Mich. 1990).

[18] 28 U.S.C. § 1331.

[19] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

After *de novo* consideration of Cobb's objections, the Court finds no error in the Magistrate Judge's Report and Recommendations.  Therefore, the Court **ADOPTS** the Report and Recommendations of the Magistrate Judge.  Because the effect of this Order is to dismiss Cobb's claim without prejudice, the Court **DENIES** Cobb's Motion to Withdraw Complaint as **MOOT**.

**IT IS SO ORDERED.**

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

Date:  June 17, 2013.